Please the court, Christopher Wrench, Deputy Attorney General, on behalf of Appellant Warden D. K. Sisto. I will be brief in my presentation as most of this matter has been resolved. The state's primary interest in maintaining this appeal is to prevent the parole board from possible harm stemming from Mr. Prellwitz's ongoing state court proceedings that were triggered solely by the district court's grant of habeas relief. Counsel, why do we have jurisdiction in this case? I'm looking at the order, and I think it's the only order, unless I'm missing something. It's document number 22, filed 5-21-2009. And the order adopts the magistrate's findings, orders a parole hearing, and orders that a report be returned to the district court. So it appeared to me that the district court is contemplating potentially ongoing proceedings within the district court itself. I don't see anything final about this. Where am I wrong? Well, Your Honor, I would point out two main points. The first is that the finding and recommendations specifically recommended to grant the writ, and the district court's order that the court referred to adopted those recommendations in full. So I think that's a legal grant of the writ. The magistrate said grant the writ. The district court judge said I agree in total with those recommendations. But it didn't stop there. It required the parties to come back to the district court. The order only required the State to file notice of compliance with the court's order. It wanted to ensure that its judgment was followed. And the finality requirement, you know, it basically says once the judgment has been entered and all that's left for the district court to do is to execute the judgment. And the requirement for the State to report on the results of that court-ordered hearing was simply the district court making sure its judgment was executed. And if the Respondent didn't report, who knows what would have continued. I guess what I'm concerned about is whether you're aware of any precedent that holds that an order with this kind of a report back to me clause in it has ever been held to be final and appealable. I'm not aware of any authority on point. Counsel, what would happen if the borough board would thumb its nose at this order and say we won't hold a hearing? If the borough board disregarded the order? In the order of the district court saying if you don't hold a hearing, this man is to be released? No. I think what the district court ---- Why is it final? Excuse me? And why is it final? Because I think the remedy there would be a sanctions order. I mean, if the parole board said we're going to violate the court's order, Mr. Provost could have come back and said you ordered a hearing, parole board's disregarding that hearing, you know, there's sanctions and contempt. Hold the parole board in contempt in a Federal court? That wouldn't help your ---- help his man. He wants out. Well, I understand that. But I'm saying that goes to the finality because release, and I think the Court's question was, and correct me if I'm wrong, but because it wasn't a release order, does that mean it's not final? Right. I mean, usually the normal bit of habeas corpus is release this man or release this man within 30 days unless you try him. But if you don't try him, he'll be released. That's a final order that can be reviewed. I mean, that is a ---- Hold an order. Hold a hearing, a parole hearing. I mean, traditionally that's been the use of the writ, but as the district or, excuse me, as the magistrate judge expounded on in her findings and recommendations, the statute gives the district court broad authority to fashion a remedy suitable to the constitutional violation as ends in justice require. It doesn't mandate release. And specifically in this parole context, before the Supreme Court's decision in Cook, this Court found in Haggard v. Curry that the proper remedy in a parole board case is this, is remand back to the parole board for a new hearing. And finality wasn't an issue there. And just because the district court didn't mandate or condition release for Mr. Perlitz doesn't deprive this court of jurisdiction or render the ---- Are you familiar with the Seventh Circuit's decision in Hirons v. Mizell? I am, Your Honor. Yeah. Why isn't that the same situation as we have here, and why isn't it a correct outcome? I think the impropriety of that decision is goes back to the notion that there has to be a release in order for a habeas order to be final. My recollection of that case is it was a ---- the court found because there wasn't a release or a conditional release, that means it wasn't final. Because they ordered a hearing, just like in here. Because they ordered a hearing. Just as happened in this case. Correct, Your Honor. But I think that's a improper and narrow reading of the district court's habeas power. Counsel, I'm having trouble understanding. What stake does the Attorney General have in whatever is going on in the state courts with respect to this individual at this point? The hearing was ordered and has actually been held. End of case, no, or not? No, because that hearing, the only reason it ever occurred was because of the district court's order. Okay. So it's already been held and you guys won at this point. At this point. But there is still time for Mr. Prowlitz to seek relief in the California Supreme Court. And if he eventually obtains relief in state court that's adverse to the board, that harm is solely traceable to the district court's order. That hearing created a platform for Mr. Prowlitz to go back to state court. And if a state court orders his release or orders some other adverse finding against the board as a result of that hearing, the board is prejudiced. And the only way that prejudice happened was because the district court erroneously ordered a hearing. But you're here on habeas, or at least the Petitioner is here on habeas. Seeking the right to have a hearing. The hearing has been held. Why isn't this case moot? Well, Your Honor, simple compliance with the order doesn't necessarily render the case moot because there's ongoing potential harm to the board. I point the Court to the Supreme Court's language in Adirondack Constructors where they said, you know, mootness is a very high burden. It has to be absolutely clear that a litigant can no longer obtain benefit from the judicial proceedings. And the State here, you know, is still facing the possibility of harm. But he was not entitled to a result. He was entitled only to a hearing. Isn't that correct? Correct, Your Honor. But that hearing. Which has now occurred. Correct. But in state court, he can be entitled to a result. The state court's review of that hearing can throw it out and can order relief. Well, that's fine. But that's all post habeas petition. But it's and it's. I don't know. I'm having real difficulty with your argument. Okay. I'll try to make it clear. The district court ordered a hearing. That hearing is being challenged in state court. If the state court says the reasons the board didn't. Okay. So at the state court. Say it's being challenged. No. He got his hearing, as I understand it. Correct. The result of that, he was denied parole again at that hearing. And Mr. Provost has returned to state court and said to the state court that denial of parole was improper. And he won in the superior court. He won in the superior court. And he lost in the court of appeals. And he lost in the court of appeals. But he still has an appeal to the California Supreme Court. So why isn't this case not ripe? Why is it not ripe? Well, I mean, conceivably, the court could wait until the results of any potential California Supreme Court proceedings. And at that point, you know, the State's interest in maintaining the appeal would be pretty remote. Couldn't this Petitioner refile or file a new petition if whatever happens in the Supreme Court is not to his liking? He could, but he would be limited in Federal court by Swarthout v. Cook. He could only argue, you know, he didn't get notice or an opportunity to be heard, which is plainly apparent on the record. So what's his argument? This is pre-Swarthout, therefore a different case? Well, his argument in State court, he's entitled to an evidential review in State court. Under State law, the California courts permit inmates who have been denied parole to argue that it was an improper result. That's not properly ---- It's just not a subject of Federal habeas, but that doesn't mean he doesn't have a right to it in State court. Exactly, Your Honor. And that's where the ---- So your argument on mootness is, as I understand it, he has a chance now under State law to prevail based on a hearing that should never have been held in the first place. That's your argument? Exactly, Your Honor. And that he still has a chance to prevail, and you want to preclude that? Exactly, Your Honor. There remains the possibility of harm, and while that possibility remains, the State has an interest in protecting it. But we would never reach that. If there's no final appealable order here, we would dismiss the appeal as a matter of our own lack of jurisdiction. Correct, Your Honor. And I think at that point, you know, all that would really happen is it would go back to the district court for final proceedings, to whatever extent there would be. And as a practical matter, the district court could not let its initial order stand and lie to Swarthout v. Cook. So I'm not ---- Well, so you'd win that way. Well, and as a matter of efficiency, I'm just not sure there's, you know, much to do. Well, maybe not, but we have to look at our own jurisdiction first. Correct. Correct, Your Honor. And I think I'd address that issue in ICM over time. Your time has expired, counsel. Thank you, Your Honor. We'll hear from the Petitioner. Mr. Salzman. Thank you, Your Honor. May it please the Court, Josh Salzman for Petitioner Steven Prelwitz. This appeal comes both too early and too late. It comes too early for two separate reasons that deprive this decision below the requisite finality and deprive this court of jurisdiction. First, as the panel was discussing with counsel for the State, the order below simply did not require that Steven Prelwitz be released from custody as a condition or in ---- if the State had failed to comply with the challenged order. As the Seventh Circuit recognized in Hirons v. Mazzell, and as this Court recognized in a case called Harvis v. Castro, 531 F. 3rd. 737, the essence of a conditional habeas grant must be that release is an automatic consequence of failure to comply. That's simply not the case here. And any fair reading of the order below, notwithstanding some admitted ambiguity, is that the Court did contemplate additional proceedings. There's a reason the Court didn't enter final judgment under Rule 58 in this case. There was potential for additional proceedings. And on these facts, this simply was not a final order. The second reason that it's not a final order is because Mr. Prelwitz pledged seven different grounds for relief under both the due process and the equal protection clauses, yet the Court only addressed a subset of those grounds and then only under the due process clause. Now, that might not be determinative in and of itself had the Court awarded Mr. Prelwitz all the relief he asked for. But in this case, the Court awarded only a new parole hearing, not a grant or not an order requiring the board to parole him, which was, in fact, everything that Mr. Prelwitz had asked for and something he theoretically could have been entitled to under some of the unaddressed grounds for relief. So when the Court gave him only half a loaf and he still had pending claims for a full loaf, that's an additional reason to conclude under the Blasek decision and also under this Court's recent decision in Stanley v. Cullins, which concluded the site on Stanley is 633 F. 3rd, 852. In that decision, the Court concluded that under Rule 54b in a habeas case, a decision cannot even be certified for appeal of a subset of the issues unless all of the alleged constitutional violations arising from the operative facts have been addressed. The district court didn't do that here. So even if the district court had tried to certify this issue under Rule 54b, which it didn't do, it still wouldn't have been a final order in this case. If there are no questions on finality, I'll move on to mootness. Scalia. Well, what would be the appropriate disposition by this Court of this case at this point, given that it is either too early or too late? The only disposition this Court's allowed to make under 1291 is to dismiss the appeal as premature for lack of jurisdiction. Now, what about being too late for potential mootness? Well, I think you only reach the mootness if 1291 is – if you disagree with me on 1291. But on mootness, it's our position that as an unpublished, admittedly unpublished decision of this Court in Cullman found, a state simply has no ongoing injury from being required to hold a parole hearing that has already been held. Well, I have trouble with your argument in that regard, because if the state is correct on the merits, no hearing ever should have been held, and therefore, no positive outcome for your client should be permitted under state law. And there is still a glimmer of hope, presumably, by going to the California Supreme Court. So it undercuts that proceeding. It makes it a nullity, doesn't it? I'm not sure that's right. I don't know if this Court is in a position to grant meaningful and effective relief. Even agreeing that that hearing perhaps never should have been ordered to be held, it has held. It has been held. This – the state in its brief suggests that this Court might vacate the results of that parole board hearing. But I think that that's actually beyond the power of this Court. It could reverse the judgment below and say that that parole board hearing never had to be held. But I don't think it can turn that parole – Then it's up to the state court to decide what that means under state law. I guess that would – Because the state – presumably, the state could say, we don't care what the federal government thinks. Once there's a parole hearing, we're going to look at it on the merits. We're not going to vacate it. So that's why I have problems with the lutenists, because they don't have to agree that the hearing should never have been held. We think it didn't have to be, but once it is, the state can go ahead. Right. Well, that's just right. I think at this point, this Court cannot and should not interfere in a pending state court proceeding. I think the California courts have an interest in making sure that their citizens aren't being detained in violation of California law once the parole board hearing is held. But that argues against lutenists, doesn't it? I don't think it does, Your Honor. I think in this case, the order only required the parole board hearing be held. It now has been held. The State's argument is that that was a platform from which all of this collateral proceedings in state court had proceeded. But I think the better analogy here is a launching pad. It took off from there. But it has now left the launching pad and is proceeding through the courts. And regardless of what this Court says about the underlying hearing and whether order and whether or not the hearing ever should have been required to be held, at this point it has been held and it's a matter for the California courts whether or not that hearing comported with state law. I would also point out that at this point, the Sixth District Court of Appeal has  The time for appeal is set to expire, as I understand the California rules, within the next two weeks. And I honestly don't know whether or not Mr. Prowitz is, in fact, going to seek further review in the Supreme Court. Should we sit on this case for a couple of weeks to see what happens? No. I think you should dismiss it under 1291. And I also think, as I've said before, that for lutenist purposes, all of these collateral state court proceedings are not relevant. As a couple of Supreme Court cases from this term, Camretta v. Green and United States v. Juvenile Mail, both held the fact that a party opposing lutenist can construct a story saying that they would get help in another proceeding based on a determination of the case is not necessarily enough to overcome lutenist. I'm not saying those cases are squarely on point, but I think those cases are much closer than Adirond, which the State has been relying on here. And in this case, if the Court does decide to accept jurisdiction, it should dismiss his movement. Are there any other further questions? No further questions. Thank you, counsel. The case just argued will be submitted for decision, and the Court will take its morning recess.
judges: O'scannlain, Graber, Bea